SEDGWICK LLP
STEPHANIE A. SHERIDAN, State Bar No. 135910
*stephanie.sheridan@sedgwicklaw.com*
ANTHONY J. ANSCOMBE, State Bar No. 135883
*anthony.anscombe@sedgwicklaw.com*
MEEGAN B. BROOKS, State Bar No. 298570
*meegan.brooks@sedgwicklaw.com*
333 Bush Street, 30th Floor
San Francisco, CA 94104-2834
Telephone: 415.781.7900
Facsimile: 415.781.2635

Attorneys for Defendant
THE TALBOTS, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LYNETTE FLIEGELMAN, on behalf of herself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>THE TALBOTS, INC. and DOES 1 through 100, inclusive,<br><br>Defendants. | CASE NO.<br><br>**DEFENDANT THE TALBOTS, INC.'S NOTICE OF REMOVAL**<br><br>[Originally Ventura County Superior Court, Case No. 56-2017-00496659-CU-BT-VTA] |

**TO THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, AND TO THE CLERK OF THAT COURT:**

   **PLEASE TAKE NOTICE** that Defendant The Talbots, Inc. ("Defendant" or "Talbots") hereby removes the above-captioned action from the Superior Court of

the State of California, County of Ventura, to the United States District Court for the Central District of California, pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453.

## I.  INTRODUCTION

1.  This Action is properly removed to this Court pursuant to 28 U.S.C. § 1441 because this Court has jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d) ("CAFA"), in that this Action is a civil action in which the alleged amount in controversy exceeds the sum of $5,000,000 exclusive of costs and interest, has more than 100 members in the proposed putative class, and is between citizens of different states.

## II.  BACKGROUND

2.  On May 17, 2017, Plaintiff Lynette Fliegelman, purportedly on behalf of herself and all others similarly situated, filed a civil action in the Ventura Superior Court entitled *Lynette Fliegelman v. The Talbots, Inc.*, Case No. 56-2017-00496659-CU-BT-VTA. (See Exhibit A, which includes the summons, the complaint and all of the documents served on Talbots.)

3.  Plaintiff served the complaint upon Talbots by personal service on May 22, 2017. See Exhibit A, page 1.

4.  The Complaint purports to bring claims under California's Unfair Competition Law ("UCL"), Business & Professions Code § 17200, et seq., California's False Advertising Law ("FAL"), Business & Professions Code § 17500, et seq.; and the Consumer Legal Remedies Act ("CLRA"), California Civil Code § 1750 *et seq*. Complaint ¶ 19. Plaintiff's Complaint arises from a purported transaction at a Talbots outlet store in Camarillo, California. *Id*. ¶ 32.

5.  The proposed putative class consists of "[a]ll persons who, while in the State of California, during the four (4) year period preceding the filing of this Complaint through the date of final judgment in this action (the "Class Period"), purchased from Defendant one or more products at a purported discount off of the stated regular price at any one of Defendant's Outlet stores in the State of

California, and who have not received a refund or credit for their purchase(s)." Complaint ¶ 48.

6. Nothing in this Notice of Removal should be interpreted as a concession of liability, the appropriateness of venue, the appropriateness of class treatment, Plaintiff's class definition, or the validity of plaintiff's claim for relief. Talbots reserves the right to supplement and amend this Notice of Removal.

### III. REQUIREMENTS FOR REMOVAL UNDER CAFA

7. This Court has original jurisdiction over this action under the Class Action Fairness Act of 2005 ("CAFA"), codified in part at 28 U.S.C. §§ 1332 and 1453. Under CAFA, a district court shall have original jurisdiction over any putative civil class action in which: (1) there are at least 100 members in all proposed plaintiff classes; (2) "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs"; and (3) "any member of a class of plaintiffs is a citizen of a state different from any defendant." 28 U.S.C. § 1332(d)(2, 5). Because this action meets each of CAFA's requirements, it may be removed to federal court. 28 U.S.C. § 1441(a) ("[A]ny civil action brought in a State Court of which the district courts of the United States have original jurisdiction, may be removed by the defendant.").

### IV. THE REQUIREMENTS FOR REMOVAL UNDER CAFA ARE SATISFIED

#### A. Minimum Diversity Exists

8. The minimal diversity standard of CAFA is met as long as any one defendant is a citizen of a different state than any of the named plaintiffs. 28 U.S.C. § 1332(d)(2)(A). Plaintiff is a citizen of California. Complaint ¶ 24.

9. For purposes of diversity, a corporation is deemed to be a citizen of (1) the state under whose laws it is organized; and (2) the state of its "principal place of business." 28 U.S.C. § 1332(c)(1). Talbots is a Delaware corporation with its

principal executive offices in Massachusetts. Complaint ¶ 25. Thus, Talbots is a citizen of Delaware and Massachusetts, and no other state.

10.  Thus, minimal diversity is satisfied because Plaintiff is a citizen of a state (California) different from Talbots (Delaware and Massachusetts).

11.  Pursuant to 28 U.S.C. § 1441(a), the residence of fictitious and unknown defendants should be disregarded for purposes of establishing removal jurisdiction under 28 U.S.C. § 1332. *Fristoe v. Reynolds Metals Co.*, 615 F. 2d 1209, 1213 (9th Cir. 1980) ("[U]known defendants sued as "Does" need not be joined in a removal petition."). Thus, the existence of Doe defendants here does not deprive this Court of jurisdiction.

### B. The Number of Proposed Class Members Exceeds 100

12.  The Complaint alleges that members of the putative class are "so numerous that joinder of all members is impracticable," and "estimates that the Class consists of thousands of members." Complaint ¶ 50.

13.  According to Plaintiff's Complaint, the putative class is of "[a]ll persons who, while in the State of California, during the four (4) year period preceding the filing of this Complaint through the date of final judgment in this action (the "Class Period"), purchased from Defendant one or more products at a purported discount off of the stated regular price at any one of Defendant's Outlet stores in the State of California, and who have not received a refund or credit for their purchase(s)." Complaint ¶ 48.

14.  The Complaint clearly pleads that more than 100 individuals from the State of California purchased merchandise at a discount from a Talbots outlet store in California during the putative class period. The size of the putative class thus well exceeds 100 members.

### C. The Amount in Controversy Exceeds $5 Million

15. Without conceding liability, appropriateness of class treatment, Plaintiff's class definition, or the validity of plaintiff's claims for relief, the amount in controversy in this action (including attorney's fees) greatly exceeds $5,000,000.

16. Talbots denies Plaintiff's substantive allegations, denies that Plaintiff is entitled to any of the relief sought in her Complaint, and does not waive any defense with respect to any of Plaintiff's claims. Nonetheless, the amount in controversy is determined by accepting Plaintiff's allegations as true. See *Cain v. Hartford Life & Accident Ins. Co.*, 890 F. Supp. 2d 1246, 1249 (C.D. Cal. 2012) ("In measuring the amount in controversy, a court must assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint.").

17. Case law is clear that "the amount-in-controversy allegation of a defendant seeking federal-court adjudication should be accepted when not contested by the plaintiff or questioned by the court." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 549-50, (2014) (citations omitted); *see also* Schwarzer, Tashima, et al., California Practice Guide: Federal Civil Procedure Before Trial (2016) § 2:2395, at 2D-30 ("[D]efendant may simply allege in its notice of removal that the jurisdictional threshold has been met and discovery may be taken with regard to that question."); *id*. § 2:3435, at 2D-172 – 173 ("Defendant's notice of removal 'need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.'). Further, CAFA's legislative history indicates that even if the Court "is uncertain about whether all matters in controversy in a purported class action do not in the aggregate exceed the sum or value of $5,000,000, the court should err in favor of exercising jurisdiction over the case." Senate Report on the Class Action Fairness Act of 2005 Dates of Consideration and Passage, S. Rep. 109-14;

18.  Plaintiff seeks "restitution and disgorgement of all profits" associated with allegedly unfair pricing practices by Talbots during the last four years. Complaint, Prayer for Relief ¶ 2. Talbots has six outlet stores in California. Given the volume of sales in each store and the number of potential class members who made purchases at those outlet stores, the amount in controversy well exceeds $5,000,000.

19.  Additionally, the Complaint states that Plaintiff will move to amend her Complaint to pursue claims for actual and punitive damages under the CLRA (Complaint ¶ 101), which are properly included in the calculation for determining the amount in controversy.

20.  Plaintiff also seeks an award of attorney's fees. Prayer for Relief ¶ 5. This amount should also be included in connection with the amount in controversy. See *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700 (9th Cir. 2007). Although Defendant denies Plaintiff's claim for attorneys' fees, for purposes of removal, the Ninth Circuit uses a benchmark rate of twenty-five percent of the potential damages as the amount of attorneys' fees. *In re Quintus Sec. Litig.*, 148 F. Supp. 2d 967, 973 (N.D. Cal. 2001) (benchmark for attorneys' fees is 25% of the common fund). Assuming the amount in controversy is $5,000,000, an award of 25% attorneys' fees based upon such amount would be an additional $1,250,000.

21.  Plaintiff also seeks injunctive relief, including a request for an order directing Talbots to engage in a corrective advertising campaign. Prayer for Relief ¶ 4. The potential cost of compliance with a request for injunctive relief may be considered when calculating the amount put in controversy under CAFA. *Tompkins v. Basic Research LLC*, No. 5-08-244, 2008 WL 71808316, at *4 & n9 (E.D. Cal. April 22, 2008) (noting that under CAFA, the amount put in controversy includes defendants' potential cost of compliance with a request for injunctive relief); see also James Wm. Moore et al., Moore's Federal Practice's 102.26(c)(iii) (3d ed. 2010) ("The amount in controversy in CAFA cases may be determined on the basis

1. of the aggregate value to either the plaintiff class members or to the defendants"). The costs to comply with an injunction could potentially be significant and Plaintiff's request for injunctive relief further takes the amount in controversy over the statutory threshold. See 28 U.S.C. § 1332(d)(2).

22. While Plaintiff's claim for restitution, in itself, puts the amount in controversy above $5,000,000, the actual and punitive damages; attorney's fees; and injunctive relief requested by Plaintiff make clear that this requirement is satisfied.

### D. No CAFA Exceptions Apply

23. The action does not fall within any of exclusion to removal jurisdiction recognized by 28 U.S.C. § 1332(d), and plaintiff has the burden of proving otherwise. *See Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1021 (9th Cir. 2007) ("[T]he party seeking remand bears the burden to prove an exception to CAFA's jurisdiction.").

## V. THE OTHER PROCEDURAL REQUISITES FOR REMOVAL ARE SATISFIED

24. Removal to this judicial district and division is proper under 28 U.S.C. §§ 1441(a), 1446(a), because the Superior Court of the State of California for the County Ventura is located within the Central District of California.

25. This Notice of Removal is timely because it was filed within thirty days of May 22, 2017, the date on which Talbots was served with the Summons and Complaint. 28 U.S.C. § 1446(b); *see also Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 353-56 (1999) (thirty-day removal period begins when defendant is formally served).

26. Pursuant to 28 U.S.C. § 1446(a), a copy of the Summons, Complaint, and all other documents served on Talbots are attached as Exhibit A.

27. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal and all documents in support thereof and concurrently therewith are being filed with the

Clerk of the Superior Court for the County of Ventura. Written notice of the filing of this Notice of Removal is being served upon counsel for Plaintiff.

## VI. CONCLUSION

Talbots respectfully submits that this action is removed properly pursuant to the Class Action Fairness Act.

DATED: June 21, 2017          SEDGWICK LLP

By:      /s/ *Stephanie Sheridan*
STEPHANIE A. SHERIDAN
ANTHONY J. ANSCOMBE
MEEGAN B. BROOKS
Attorneys for Defendant
THE TALBOTS, INC.